## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

JAMES PRICE,
**Claimant Below, Petitioner**

**FILED**
**February 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-115    (JCN: 2022010051)**

BIAFORE LANDSCAPE DEVELOPMENT, LLC,
**Employer Below, Respondent**


### MEMORANDUM DECISION

Petitioner James Price appeals the August 15, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Biafore Landscape Development, LLC ("Biafore") filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's March 3, 2022, order closing Mr. Price's temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

On October 16, 2021, Mr. Price was injured while changing a heating core on a truck during work for Biafore. While lying in the cab of the truck, Mr. Price struck his elbow on a piece of the steering column. He was seen at the emergency department of Mon Health Medical Center ("Mon Health") on October 19, 2021, and complained of pain radiating from his elbow into his shoulder that he compared to a "constant toothache." He stated that the pain was exacerbated by the extension of his arm. Mr. Price was diagnosed with a left elbow contusion, given a sling to wear for comfort and prescriptions for Norco and methylprednisolone, and referred to orthopedics. The WC-1 form was completed at Mon Health on October 20, 2021, and the submitted diagnosis was left elbow contusion.

Mr. Price claims that the orthopedics referral was not initially approved by the claim administrator, perhaps because x-rays did not reveal any fracture. Mr. Price returned to Mon Health on December 1, 2021, complaining of continued left elbow pain. A repeat x-

---

[1] Petitioner is represented by Thomas D. Hall, Esq. Respondent is represented by Melissa M. Stickler, Esq.

1

ray continued to show no obvious fracture, and Mr. Price was again advised to follow up with orthopedics. Mr. Price was seen by orthopedic surgeon Shafic Sraj, M.D., on December 14, 2021, when he was diagnosed with a "contusion to the lateral epicondyle producing a tennis elbow type reaction." Dr. Sraj discussed initial treatment with conservative measures, including wearing a tennis elbow strap, stretching, and icing the affected area. Dr. Sraj advised Mr. Price that if he continued to have elbow pain, Dr. Sraj would recommend possible dry needling of the extensor tendon origin/lateral epicondyle and said that his office would preemptively request authorization for this procedure if Mr. Price continued to have difficulty with the arm. Dr. Sraj advised Mr. Price to return to work on December 20, 2021, and Mr. Price returned to work as advised.

On December 27, 2021, the claim administrator issued a decision approving the claim for a left elbow strain.

Despite trying the conservative measures recommended by Dr. Sraj, Mr. Price's elbow pain continued. He returned again to Mon Health on January 4, 2022, for increased left elbow pain, and reported that he had been seen by orthopedics and was wearing the tennis elbow strap as advised, but was experiencing pain as well as some left upper extremity edema. Mr. Price saw Dr. Sraj again on January 25, 2022, and reported that he had no improvement in his pain, and that because he could not use his left arm, he was not able to perform his job duties as a mechanic. He denied any additional injury. Upon examination, Dr. Sraj noted that he still believed Mr. Price was experiencing left lateral epicondylitis, and after discussion with Mr. Price, Dr. Sraj performed the dry needling procedure. Dr. Sraj advised that he wanted to try dry needling for about three months before evaluating whether Mr. Price might need more invasive treatment, and informed Mr. Price that he would need to be off work for the next six weeks while he recovered. Dr. Sraj asked to see Mr. Price again in six weeks to reevaluate him.

In the meantime, the claim administrator suspended Mr. Price's TTD benefits on February 3, 2022, citing his return to work on December 20, 2021, and then terminated the TTD benefits on March 3, 2022, citing a lack of evidence being submitted to justify the continued payment of TTD benefits. Mr. Price protested this closure.

Mr. Price returned to Dr. Sraj on May 3, 2022, and reported that he did not have much improvement after the dry needling procedure, and was continuing to have pain with resisted wrist extension and grasping. Dr. Sraj's note mentions that Mr. Price was released from his job, and that he had undergone an IME, which, according to Mr. Price, showed that he had tennis elbow and needed additional treatment. (The IME report is not part of the appellate record and was not before the Board.) In light of the ineffectiveness of the dry needling, Dr. Sraj recommended proceeding to an open tenotomy of the wrist extensors at the elbow for lateral epicondylitis. Dr. Sraj's note states that his office would request authorization for the procedure prior to performing it, and that Mr. Price would require about three months of recovery following the procedure to prevent recurrence. Dr. Sraj

filled out a work excuse for Mr. Price stating that he would need to be off work starting May 3, 2022, until surgery was performed, and would need three months of recovery time.

On May 13, 2022, Dr. Sraj signed a Diagnosis Update form with a primary diagnosis of left tennis elbow and a recommendation for an extensor tendon tenotomy at the lateral epicondyle.[2] By order dated August 15, 2022, the Board affirmed the claim administrator's March 3, 2022, order closing TTD benefits on the basis that the claim administrator properly suspended and then closed TTD benefits based on Dr. Sraj's release to return to work. It is from this order that Mr. Price now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. Price argues that he followed Dr. Sraj's recommendations for treatment and returned to work after December 20, 2021, but his pain worsened, so he sought the additional treatment as Dr. Sraj advised. When Mr. Price returned to Dr. Sraj on January 25, 2022, Dr. Sraj took him off work again for the next six weeks. The claim administrator did not reinstate TTD benefits when Mr. Price was taken back off work. Later, Dr. Sraj submitted the Diagnosis Update form, but the claim administrator

_____

[2] Although the Board's August 15, 2022, order references the existence of this document in its Findings of Facts, in the Discussion section the Board specifically states that it does not address the May 13, 2022, request to update compensable diagnoses in this claim, but does not explain why.

inexplicably did not issue an acceptance of left lateral epicondylitis (tennis elbow) diagnosis as a compensable injury, even though, as Mr. Price alleges, the claim administrator approved the recommended surgery to address it (extensor tendon tenotomy at the lateral epicondyle.) Mr. Price argues that the claim administrator and the Board were aware of the medical facts regarding his ongoing care by Dr. Sraj for the treatment of tennis elbow, his need for additional and more aggressive treatment, and his inability to work after January 25, 2022. Mr. Price argues that the claim administrator deliberately ignored this evidence in order to deny him compensation in the form of TTD benefits and that the Board erred in its affirmance of this invalid decision. Mr. Price concedes that it was appropriate to suspend TTD benefits when he returned to work on December 20, 2021, but when Dr. Sraj took him off work again on January 25, 2022, the claim administrator should have timely reinstated the benefits.

Biafore responds that Dr. Sraj released Mr. Price to return to work as of December 20, 2021, and Mr. Price did, in fact, return to work. Therefore, the termination of TTD benefits on that basis was appropriate. Biafore asserts that Mr. Price did not submit any evidence to support the continuation of TTD benefits for his compensable injury of elbow strain, but that Mr. Price only submitted records showing treatment for epicondylitis which was not a compensable condition.

Upon review, we find that the Board's order is deficient, and we find error in the Board's analysis. This case involves a work-related injury that occurred when Mr. Price's elbow struck a vehicle's steering column. The diagnosis completed in the ER was "elbow contusion" and it was treated by Dr. Sraj as a "contusion to the lateral epicondyle producing a tennis elbow type reaction." Dr. Sraj advised Mr. Price that more aggressive treatment might be needed if the initially conservative approach was not successful. Subsequently, the claim administrator approved the claim for "elbow strain" rather than "contusion," yet it appears from the record that the treatment performed by Dr. Sraj, including the dry needling procedure, was approved. This calls into question the claim administrator's position that the compensable condition of "elbow strain" and Dr. Sraj's diagnosis of tennis elbow were distinct, particularly in light of the fact that Dr. Sraj sought to update the diagnosis and the claim administrator previously approved authorization of treatment for tennis elbow. As such, it is difficult to understand how the Board could note the existence of, yet declined to address, the May 13, 2022, Diagnosis Update that was timely submitted in this claim. The Board states no basis for doing so, and instead, issues a summary affirmance with little to no analysis.

As we review this case today, we are unable to determine whether the claim administrator ever acknowledged the request to add left lateral epicondylitis as a compensable diagnosis, or if, as Mr. Price alleges, the claim administrator approved the tenotomy surgery that Dr. Sraj recommends to treat that condition. If the claim administrator approved the surgery to address epicondylitis under the claim, then it follows that epicondylitis likely is a compensable condition. Furthermore, if any surgery has been

authorized under this claim, then Mr. Price is entitled to TTD for the recovery period, including the dry needling procedure and the six-week recovery period ordered by Dr. Sraj. If epicondylitis is compensable, then it also follows that TTD benefits should be awarded for the documented period of time that Mr. Price has been ordered to stay off work while he awaits the recommended tenotomy procedure. If the request to add epicondylitis has not been addressed by the claim administrator, then the claim administrator should be ordered to address the request without further delay.

Accordingly, we vacate the Board's August 15, 2022, order and remand this case to the Board for further factual development and proceedings to determine the current compensable diagnoses and approved treatments in the claim, and an accounting of TTD benefits to be paid as substantiated by proper medical evidence.

Vacated and Remanded.

**ISSUED:** February 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen